IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | REDACTED |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05- 104 |
| LEONARD J. GARNER, | : | |
| Defendant. | : | |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

1.  From on or about November 2, 2003, through in or around January, 2004, in the District of Delaware and elsewhere, Leonard J. Garner, defendant herein, did knowingly use, without lawful authority, means of identification of another person, specifically, the name and social security number of A.M., with the intent to commit an unlawful activity that constitutes a violation of Federal law, i.e. credit card fraud in violation of Title 18, United States Code, Section 1029(a)(2), all in violation of Title 18, United States Code, Section 1028(a)(7).

### COUNT TWO

2.  From on or about March 2, 2004, through in or around April, 2004, in the District of Delaware and elsewhere, Leonard J. Garner, defendant herein, did knowingly use, without lawful authority, means of identification of another person, specifically, the name and social security number of R.S., with the intent to commit an unlawful activity that constitutes a

FILED

NOV 29 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

violation of Federal law, i.e. credit card fraud in violation of Title 18, United States Code, Section 1029(a)(2), all in violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT THREE

3. From on or about April 16, 2004, through in or around June, 2004, in the District of Delaware and elsewhere, Leonard J. Garner, defendant herein, did knowingly use, without lawful authority, means of identification of another person, specifically, the name and social security number of A.B., with the intent to commit an unlawful activity that constitutes a violation of Federal law, i.e. credit card fraud in violation of Title 18, United States Code, Section 1029(a)(2), all in violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT FOUR

4. From on or about June 11, 2004, through in or around July, 2004, in the District of Delaware and elsewhere, Leonard J. Garner, defendant herein, did knowingly use, without lawful authority, means of identification of another person, specifically, the name and social security number of P.W., with the intent to commit an unlawful activity that constitutes a violation of Federal law, i.e. credit card fraud in violation of Title 18, United States Code, Section 1029(a)(2), all in violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT FIVE

5. From on or about June 13, 2004, through in or around July, 2004, in the District of Delaware and elsewhere, Leonard J. Garner, defendant herein, did knowingly use, without lawful authority, means of identification of another person, specifically, the name and social security number of L.K., with the intent to commit an unlawful activity that constitutes a

violation of Federal law, i.e. credit card fraud in violation of Title 18, United States Code, Section 1029(a)(2), all in violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT SIX

*Scheme and Artifice to Defraud*

6.  On or about February 2, 2004, Leonard J. Garner, defendant herein, using the name A.M., rented mailbox number 123 at a Mailboxes Etc. in Wynnewood, Pennsylvania.

7.  On or about June 2, 2004, Leonard J. Garner, defendant herein, mailed a change of address form from Philadelphia, Pennsylvania to the Postmaster in Wilmington, Delaware 19808 requesting that a false Wilmington, Delaware address in the name P.W. be changed to mailbox number 123 in Wynnewood, Pennsylvania.

8.  On or about June 13, 2004, Leonard J. Garner, defendant herein, using the name and identifying information of P.W. without the consent and/or knowledge of P.W., opened a Best Buy credit card account. At all times relevant to this indictment, the Best Buy credit card was issued by Household Bank, a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation or FDIC.

9.  In opening the P.W. Best Buy account, Leonard J. Garner, defendant herein, listed a false Wilmington, Delaware address as the address of the account holder - the same false Wilmington, Delaware address in the name P.W. that he had requested the Postmaster to change to mailbox number 123 in Wynnewood, Pennsylvania.

10.  Household Bank mailed out the P.W. Best Buy credit card to the false address in

Wilmington, Delaware. When the card arrived at the post office in Delaware, the post office forwarded it to the mailbox in Wynnewood, Pennsylvania that was under the control of Leonard J. Garner, defendant herein.

11. Between on or about June 16, 2004, and on or about June 26, 2004, Leonard J. Garner, defendant herein, used the P.W. Best Buy credit card to make purchases totaling over $6,000.

*Charging Paragraph*

12. On or about June 2, 2004, in the District of Delaware, having devised and intending to devise the scheme and artifice to defraud Household Bank described in paragraphs six through eleven above, incorporated herein by reference, and for obtaining money and property of Household Bank by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice to defraud, Leonard J. Garner, defendant herein, did knowingly cause to be delivered by mail to the Postmaster in Wilmington, Delaware 19808 a change of address form, as described in paragraph seven above, all in violation of Title 18, United States Code, Section 1341.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: November 29, 2005

4