IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| v. | : Criminal Action No. 05-104-JJF |
| LEONARD J. GARNER, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney, and Eleni Kousoulis, attorney for the defendant, Leonard J. Garner, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Counts Three and Six of the Indictment. Count Three charges the defendant with identity theft in violation of 18 U.S.C. § 1028(a)(7) and carries a maximum sentence of 15 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment. Count Six charges the defendant with mail fraud affecting a financial institution in violation of 18 U.S.C. § 1341 and carries a maximum sentence of 30 years imprisonment, a $1,000,000 fine, 5 years supervised release, and a $100 special assessment.

2. The defendant understands that if he were to proceed to trial on Count Three of the Indictment, the Government would have to prove each of the following elements of that offense beyond a reasonable doubt: (a) that the defendant knowingly used, without lawful authority, a means of identification of another person; (b) that the defendant so acted with the

intent to commit unlawful activities that constitute felony violations of the law, e.g. credit card fraud in violation of 18 U.S.C. § 1029; and (c) that the defendant's use was in or affected interstate commerce. The defendant further understands that if he were to proceed to trial on Count Six of the Indictment, the Government would have to prove each of the following elements of that offense beyond a reasonable doubt: (a) that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses and representations; (b) that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge or its fraudulent nature and with specific intent to defraud; and (c) that in the execution of the scheme, the defendant used or caused the use of the mails.

3. The defendant knowingly, voluntarily, and intelligently admits that: (a) he obtained the identifying information of at least 10 people, including the people whose initials appear in Counts One through Five of the Indictment, and then, between September 2003 and June 2004, used that information to open credit card accounts in their names without their knowledge; (b) he gave Delaware addresses when opening the majority of the fraudulent credit card accounts, but filed change of address forms with the Postal Service so that the credit card mail would be forwarded to mail drops in the Philadelphia area that were under his control and that he had opened using the names of people whose identities he had stolen; (c) on multiple occasions, the defendant made payments on the fraudulent credit card accounts by fraudulently transferring funds from the accounts of seven different Blue Ball National Bank customers into the fraudulent credit card accounts.

4. At the time of sentencing, the United States will move to dismiss Counts One,

2

Two, Four and Five of the Indictment that was returned against the defendant on November 29, 2005.

5. For purposes of determining the defendant's sentence under the sentencing guidelines, the defendant understands and the parties agree (a) that the District Court will refer to U.S.S.G. § 2B1.1, and (b) that the intended loss was greater than $120,000 but less than $200,000. The parties further agree that the actual loss caused by the offense was $78,189.45. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

6. Based on the information known by the United States to date, at the time of sentencing the United States agrees to move for a three level reduction in the offense level for the defendant's affirmative acceptance of responsibility under U.S.S.G. § 3E1.1(b).

7. The defendant agrees to pay any special assessments at the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing Court's rulings at any subsequent proceedings,

including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Furthermore, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

BY:

_____
Eleni Kousoulis, Esq.
Attorney for Defendant

_____
Beth Moskow-Schnoll
Assistant United States Attorney

_____
Leonard J. Garner
Defendant

Dated:

**AND NOW** this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge